99 F.3d 402
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Richard C. McCALLA, Plaintiff-Appellant,
v.
WARNER-LAMBER, Defendant-Appellee.
 No. 95-7475.
 United States Court of Appeals, Second Circuit.
 Dec. 27, 1995.
 
 Appearing for Appellant: Richard C. McCalla, Brewster, N.Y.
 Appearing for Appellee: Daniel S. Ratner, Heidell, Pittoni, Murphy & Bach, New York, N.Y.
 S.D.N.Y.
 AFFIRMED.
 Before OAKES, WINTER and WALKER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is hereby affirmed.
 
 
 3
 Richard McCalla appeals from Judge Brieant's grant of Warner-Lambert's motion for summary judgment with regard to his failure to warn claim. Warner-Lambert is the manufacturer and distributor of Fluogen, a flu vaccine administered to McCalla by his physician, Dr. Tremaglio, on December 18, 1990. McCalla claims that he developed Guillain-Barre Syndrome (GBS) as a consequence of the vaccination. We affirm.
 
 
 4
 We review the grant of a motion for summary judgment de novo. United States v. Articles of Banned Hazardous Substances, 34 F.3d 91, 96 (2d Cir.1994). Summary judgment is appropriate where there is no genuine issue as to any material fact and the prevailing party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). "[I]n assessing the record to determine whether there is a genuine issue as to any material fact, the court is required to resolve all ambiguities and draw all factual inferences in favor of the party against whom summary judgment is sought." Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 202 (2d Cir.1995) (citations omitted). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significently probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).
 
 
 5
 Dr. Tremaglio's deposition testimony indicated that he was aware of the association between the vaccine and GBS. Moreover, he testified that he had read the warning on the vaccine's package insert and that the warning adequately advised readers of the risk of contracting GBS as a side effect. Dr. Tremaglio also stated that he did not advise McCalla of this risk. McCalla had a chronic lung disease that substantially enhanced the chances of McCalla contracting pneumonia if he got the flu. Dr. Tremaglio believed that the risk of pneumonia was much greater than the "between one and ten in a million" risk of contracting GBS.
 
 
 6
 Dr. Tremaglio thus made an independent assessment of the risks in administering the vaccine. "A treating physician's decision not to inform a patient of a side effect acts as an intervening cause which shields the drug manufacturer from any possible liability under a failure to warn theory." Krasnopolsky v. Warner-Lambert Co., 799 F.Supp 1342, 1346 (E.D.N.Y.1992). Summary judgment was therefore properly granted.